UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00161-MTS |
| ) | |
| KATHERINE SI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's Complaint. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (discussing a federal court's "independent obligation to determine whether subject-matter jurisdiction exists"). In this action raising issues of purely state law, Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff, though, has not pleaded facts that establish the complete diversity of citizenship of the parties. *See* Fed. R. Civ. P. 8(a)(1); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that § 1332(a) "require[s] complete diversity between all plaintiffs and all defendants"). Plaintiff has failed to do so because it has not pleaded facts that establish Defendant Dresser LLC's citizenship. *Compare* Doc. [1] ¶ 6 (alleging where Dresser LLC was "organized" and has a "principal place of business"), *with GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes), *and Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) (explaining same).

If Plaintiff can establish this Court's subject matter jurisdiction, it must file an amended complaint doing so.  *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that burden of establishing subject matter jurisdiction rests upon party asserting it).  Here, to establish complete diversity, the amended complaint must "identify each of the individual members of the defendant LLC and specifically plead the state of their citizenship."  *James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023); *accord NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled."); *see also, e.g.*, *Scottsdale Ins. Co. v. Consumer Law Prot., LLC*, 1:23-cv-00101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's unidentified members were "citizens of Missouri" and "not citizens of Ohio or Arizona" did not suffice where plaintiff failed to identify the members of the LLC).[*]

---

[*] Since this Court is one of "limited jurisdiction," possessing "only that power authorized by Constitution and statute," the Court must "presume[ ] that a cause lies outside [its] limited jurisdiction." *Kokkonen*, 511 U.S. at 377.  For this reason, the Court will not entertain Plaintiff's Motion for Temporary Restraining Order until Plaintiff has established the Court's subject matter jurisdiction. *See, e.g.*, *Esspee Fabrications Ltd. v. Magnitude 7 Metals LLC*, 4:23-cv-01391-MTS, 2023 WL 7181655, at *2 (E.D. Mo. Nov. 1, 2023); *see also Laclede Gas Co. v. St. Charles Cnty.*, 713 F.3d 413, 421–22 (8th Cir. 2013) (Bye, J., concurring) (writing separately "to underscore the procedural infirmity" of the district court's ruling on a motion for injunctive relief before addressing jurisdictional issues and cautioning against future tolerance of lower courts' "jurisdictional sidestepping"); *cf. Thigulla v. Jaddou*, 94 F.4th 770, 773–774 (8th Cir. 2024) (sua sponte raising and "first address[ing]" issue of subject matter jurisdiction in appeal of district court's denial of injunctive relief).  In addition, once Plaintiff has established the Court's subject matter jurisdiction, Plaintiff shall file a Notice Requesting Hearing on Motion for Temporary Restraining Order.  *See* Form MOED-0062 (available at www.moed.uscourts.gov/forms); *see also* Clerk of Court's Motion for Temporary Restraining Order Checklist (available at www.moed.uscourts.gov/sites/moed/files/documents/TemporaryRestrainingOrderCheck.pdf).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday**, **February 21, 2025**, Plaintiff must file a First Amended Complaint that establishes this Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action without prejudice.

Dated this 11th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE